IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT LEE EMERY, JR.,                     Case No. 6:14-cv-00285-SI

       Plaintiff,                          ORDER

  v.

JEFF PREMO, et al.,

       Defendants.

SIMON, District Judge.

This prisoner civil rights case comes before the court on plaintiff's Motion for Preliminary Injunction (#40) and his Second Motion for Preliminary Injunction (#42). In these Motions, plaintiff alleges that defendants are: (1) denying him meaningful access to the law library at the Oregon State Penitentiary ("OSP"); and (2) refusing to provide him with his requested medical treatment for Hepatitis C. Plaintiff asks the court to order defendants to immediately provide him with additional access to legal materials within OSP as well as his requested course of medical treatment for his Hepatitis C infection.

1 - ORDER

## STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff may also qualify for a preliminary injunction by showing that there are serious questions going to the merits of his claim and that the balance of hardships tips sharply in his favor, so long as the other *Winter* factors are also met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1134-35 (9th Cir. 2011). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

## DISCUSSION

### I. Access to Courts

Incarcerated individuals have a fundamental constitutional right to access the courts in order to litigate the legality of their detention or challenge the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). A state must ensure that inmates have a "reasonably adequate opportunity to present

claimed violations of fundamental constitutional rights to the courts." *Id* (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977).

Plaintiff alleges that defendants have intentionally obstructed his access to legal materials at OSP as a retaliatory measure in response to his grievances against them and this lawsuit. He contends that defendants will not permit him to check out legal books for use in his cell, whereas he believes death row inmates at OSP are afforded this privilege. He asks the court to immediately grant him additional law library access, stop any further retaliation, and award $50,000 in damages for past violations.

Plaintiff is housed within the Behavioral Health Unit ("BHU"), a specialized unit of the Special Management Housing ("SMH") building at OSP. Declaration of Dawn Lee-Parks, p. 2. Inmates within the BHU are not deemed fit to mix with general population inmates and, thus, are prohibited from using the main OSP law library. *Id*. BHU inmates nevertheless retain access to legal materials insofar as they can:

> access law library services by completing a legal request form and listing the services they require. BHU inmates have access to a computer located in the SMH building computer room where the inmate can perform legal research; request copies of case law or read legal books in a satellite room or computer room; and, they can request to speak with an inmate legal assistant by telephone.

*Id* (footnote citations omitted).

3 - ORDER

Although plaintiff correctly asserts that he is not permitted to check out books from the law library for use in his cell, this prohibition appears to extend to all inmates due to the limited supply of books and intention that the books benefit all inmates. *Id* at 4. In addition, this particular prohibition does not violate plaintiff's right to access the courts given the other resources available to him.[1] Indeed, the SMH building has a room designated as a satellite law library which plaintiff can use for a maximum of four hours per week "and more if he needs additional time." *Id* at 3. The record in this case reveals, however, that plaintiff did not request any time in the satellite law library in either July or August. *Id*; Attachment 6.

While plaintiff has asked to use the computer room on numerous occasions, he has frequently missed those scheduled appointments or shown up late for them. *Id*. For example, plaintiff was scheduled to use the computer on July 30, 2014 from 11:00 a.m. to 1:00 p.m., and again from 1:00 p.m. to 2:00 p.m. but he refused all scheduled times. *Id*. He scheduled the same times for August 5, 2014, but again refused all scheduled times. *Id*.

Although plaintiff is not entitled to check out legal books for in-cell review in the BHU, the record before the court reveals that plaintiff has adequate law library access but has not availed

---

[1] This is true even if, as plaintiff asserts, death row inmates are uniquely allowed in-cell access to legal materials at OSP.

4 - ORDER

himself of the services to which he is entitled. Because plaintiff's likelihood of success on the merits of his access to courts claim appears to be very low, he is not entitled to preliminary injunctive relief on this claim.

## II. Hepatitis C Treatment

Petitioner also asserts that he is being denied his preferred treatment for Hepatitis C, which is leading to the deterioration of his liver. He claims that Sovaldi is a new, fast-acting drug that prison doctors are dispensing to Hepatitis C patients at OSP, but which they refuse to provide to him. He believes that defendants' refusal to administer Sovaldi in his case is for punitive and discriminatory reasons, and also reflects fiscal concerns instead of his physical well-being. He asks the court to require the OSP medical team to begin treating him with a combination of Sovaldi and Ribavirin immediately.

In order to prevail on a claim of the denial of adequate medical care, plaintiff must prove that defendants were deliberately indifferent to his "serious" medical needs. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000), 203 F.3d at 1131; *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Deliberate indifference is shown only where an official "knows of and disregards an excessive risk of inmate health and safety . . . ." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

5 - ORDER

Plaintiff states that he is currently taking Stretterra and Amiltripyline to treat his Hepatitis C. Dr. Steve Shelton is the Health Services Medical Director at the Oregon Department of Corrections and indicates that medical staff are also monitoring plaintiff regularly, conducting yearly labs and a liver biopsy every three years. Declaration of Steve Shelton, M.D., p. 2. Dr. Shelton is aware that Sovaldi is a new medication that the Food and Drug Administration approved in 2013 for use in Hepatitis C cases, but is of the opinion that the drug is inappropriate to treat patients, such as plaintiff, who suffer from Stage 2 fibrosis. *Id* at 2-3.

Plaintiff's medical claim is based on his difference of opinion with Dr. Shelton. A difference of medical opinion between doctors over medical treatment does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Likewise, a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *See, e.g., Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shields v. Kunkel*, 442 F.2d 409, 410 (9th Cir. 1971); *Mayfield v. Craven*, 433 F.2d 873 (9th Cir. 1970); *McKinney v. People of State of Cal.*, 427 F.2d 160 (9th Cir. 1970). Even medical malpractice does not amount to a violation of the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980). Accordingly, plaintiff has not

demonstrated any likelihood of success on the merits of his medical claim and, as such, preliminary injunctive relief is not appropriate.

## CONCLUSION

Plaintiff's Motion for Preliminary Injunction (#41) and Second Motion for Preliminary Injunction (#42) are denied.

IT IS SO ORDERED.

DATED this 30th day of September, 2014.

_____
Michael H. Simon
United States District Judge

7 - ORDER